UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

RANDALL M. RICHARDS,        )
                                      )
                   Petitioner,     )
v.                             )     No. 2:14-cv-100-WTL-DKL
                                      )
SUPERINTENDENT,         )
                                      )
                  Respondent.    )

**Entry Discussing Petition for a Writ of Habeas Corpus**

Petitioner Randall M. Richards was convicted in an Indiana state court of murder, attempted robbery, and criminal confinement.  He is currently serving a seventy-year sentence for these crimes.  Mr. Richards seeks a writ of habeas corpus in which he raises several constitutional claims.

For the reasons explained in this Entry, Mr. Richards's petition for a writ of habeas corpus is **denied** and the action dismissed with prejudice.  In addition, the Court finds that a certificate of appealability should not issue.

**I.**
**Background**

Federal court review of a habeas petition presumes all factual findings of the state court to be correct, absent clear and convincing evidence to the contrary.  *See Daniels v. Knight*, 476 F.3d 426, 434 (7th Cir. 2007).  Mr. Richards does not challenge any of the facts set forth in the Indiana Court of Appeals' decisions.  The Court therefore adopts the factual summary set out in each of the Indiana Court of Appeals' decisions.  On direct appeal, the Indiana Court of Appeals summarized the facts underlying Mr. Richards's offenses and convictions as follows:

On December 8, 1989, eighteen-year-old Richards entered the Gold and Silver

Buyers of America store to sell some gold jewelry. When the store declined Richards' offer, Richards pulled a handgun and declared his intention to rob the store. Richards ordered several employees, including Nancy Wise, to lie on the floor. The store owner and operator, Robert Taylor, produced a firearm and exchanged gun fire with Richards. Taylor shot Richards in the leg, but Richards shot and killed Taylor. Richards then fled the scene without completing the robbery. The State subsequently arrested Richards, who was identified by Wise, and charged him with murder, felony murder, attempted robbery, and four counts of criminal confinement.

On November 26, 1991, Richards pleaded guilty to murder, attempted robbery, and one count of criminal confinement, and he stipulated to the facts described above. Richards' plea called for a sentence between forty and 100 years, and in exchange for the plea the State dismissed all other remaining charges. The trial court held a sentencing hearing on December 20 and ordered as follows:

> On Count Two, murder, the Court imposes a sentence of sixty years. On Count Three, attempted robbery, the Court imposes a sentence of fifty years. Counts One and Three running concurrently [sic] with each other. On Count Six, confinement the Court commits the defendant to the Department of Corrections [sic] for a period of ten years to run consecutive to the other two counts for a maximum sentence of seventy years....

*Richards v. State*, 869 N.E.2d 563, 2007 WL 2012551, *1 (Ind. Ct. App. 2007) ("*Richards I*").

Mr. Richards, on October 3, 2006, filed a pro se petition for leave to file a belated notice of appeal, which the trial court granted. *Id.* at *2. On direct appeal, Mr. Richards argued that his sentence violated the Sixth Amendment pursuant to *Blakley v. Washington*, 542 U.S. 296 (2004), and that one of the aggravating factors found by the trial court was appropriate. *See Richards I*, 2007 WL 2012551, at *1. The Indiana Court of Appeals affirmed Mr. Richards's sentence on July 13, 2007. *See id.*

Mr. Richards filed a petition for post-conviction relief on June 16, 2008. The post-conviction court denied him relief on September 10, 2012. Mr. Richards filed a notice of appeal on October 11, 2012. The appeal was docketed as No. 49G02-8912-PC-141887. Mr. Richards subsequently filed a motion to file an oversized brief, which was granted, and he was ordered to

file his brief no later than March 1, 2013.  Mr. Richards, however, failed to file a brief that complied

with Indiana Appellate Rules and was sent notice of the specific defects.  After failing to correct

them, the Indiana Court of Appeals denied his motion for permission to file a belated brief on April

15, 2013, and, on the same day, it dismissed his appeal with prejudice.  The Indiana Court of

Appeals then denied Mr. Richards's subsequent attempts to file a belated brief that purported to

cure the identified defects, as well as his motion to reconsider the dismissal of his appeal.

Mr. Richards filed a petition to transfer with the Indiana Supreme Court.  On June 21, 2013,

the Indiana Supreme Court noted that Mr. Richard's petition to transfer was untimely and noted

several defects with the petition.  Ultimately, the Indiana Supreme Court granted his motion to file

a belated petition to transfer and considered the petition.  On January 9, 2014, the Indiana Supreme

Court denied transfer.  *See Richards v. State*, 1 N.E.3d 149 (Ind. 2014) ("*Richards II*").

Mr. Richards timely filed the instant petition for a writ of habeas corpus with this Court.

He filed an amended petition on June 20, 2014.  In his petitions, he raises the *Blakley* claim he

raised in *Richards I*, along with several other constitutional claims.

## II.
## Applicable Law

A federal court may grant habeas relief only if the petitioner demonstrates that he is in

custody "in violation of the Constitution or laws . . . of the United States."  28 U.S.C. § 2254(a)

(1996).  The petitioner filed his 28 U.S.C. § 2254 petition after the effective date of the

Antiterrorism and Effective Death Penalty Act ("AEDPA").  His petition, therefore, is subject to

AEDPA.  *See Lindh v. Murphy,* 521 U.S. 320, 336 (1997).

"Under the current regime governing federal habeas corpus for state prison inmates, the

inmate must show, so far as bears on this case, that the state court which convicted him

unreasonably applied a federal doctrine declared by the United States Supreme Court."  *Redmond*

*v. Kingston,* 240 F.3d 590 (7th Cir. 2001) (citing 28 U.S.C. § 2254(d)(1); *Williams v. Taylor*, 529 U.S. 362 (2000); *Morgan v. Krenke*, 232 F.3d 562 (7th Cir. 2000)).  Thus, "under AEDPA, federal courts do not independently analyze the petitioner's claims; federal courts are limited to reviewing the relevant state court ruling on the claims." *Rever v. Acevedo*, 590 F.3d 533, 536 (7th Cir. 2010). "A state-court decision involves an unreasonable application of this Court's clearly established precedents if the state court applies this Court's precedents to the facts in an objectively unreasonable manner." *Brown v. Payton*, 544 U.S. 131, 141 (2005) (internal citations omitted). "The habeas applicant has the burden of proof to show that the application of federal law was unreasonable." *Harding v. Sternes*, 380 F.3d 1034, 1043 (7th Cir. 2004) (citing *Woodford v. Visciotti*, 537 U.S. 19, 25 (2002)).

In addition to the foregoing substantive standard, the parties dispute whether the petitioner procedurally defaulted his habeas claim.  *See Resnover v. Pearson*, 965 F.2d 1453, 1458 (7th Cir. 1992) (procedural default "occurs when a claim could have been but was not presented to the state court and cannot, at the time that the federal court reviews the habeas petition, be presented to the state court").  "Inherent in the habeas petitioner's obligation to exhaust his state court remedies before seeking relief in habeas corpus, *see* 28 U.S.C. § 2254(b)(1)(A), is the duty to fairly present his federal claims to the state courts." *Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004).  To meet this requirement, a petitioner "must raise the issue at each and every level in the state court system, including levels at which review is discretionary rather than mandatory." *Id.* at 1025-26. A federal claim is not fairly presented unless the petitioner "put[s] forward operative facts and controlling legal principles." *Simpson v. Battaglia*, 458 F.3d 585, 594 (7th Cir. 2006) (citation and quotation marks omitted).  "A habeas petitioner who has exhausted his state court remedies without

properly asserting his federal claim at each level of state court review has procedurally defaulted that claim."  *Lewis*, 390 F.3d at 1026.

### III.
### Discussion

Mr. Richards's habeas petition raises several constitutional challenges to his convictions for murder, attempted robbery, and criminal confinement.  The respondent contends that all of Mr. Richards's claims are procedurally defaulted, except for the *Blakely* claim raised in *Richards I*. The Court will thus address procedural default issue first, before turning to the merits of the claims that are not defaulted.

### A.   Procedural Default

In his habeas petition, Mr. Richards raises several ineffective assistance of trial and appellate counsel claims, as well as several claims regarding the post-conviction judge's conduct and decisions.   The respondent argues that all of these claims are procedurally defaulted because Mr. Richards failed to comply with the procedural requirements of the Indiana Court of Appeals, which led to the dismissal of his appeal with prejudice.

A federal habeas court "shall not address a question of federal law raised in a habeas petition if the decision of the state court 'rests on a state law ground that is independent of the federal question and adequate to support the judgment.'"  *Szabo v. Walls*, 313 F.3d 392, 400 (7th Cir. 2002).   "Under this principle, if a state court did not reach a federal issue because it applied, evenhandedly, a state procedural rule, the matter is closed to the federal habeas court absent a showing of cause and prejudice."  *Willis v. Aiken*, 8 F.3d 556, 561 (7th Cir. 1993); *see Gray v. Hardy*, 598 F.3d 324, 329 (7th Cir. 2010) ("If a state court clearly and expressly states that its judgment rests on a state procedural bar and does not reach the merits of a federal claim, then we are unable to consider that claim on collateral review.").

Here, the Indiana Court of Appeals in *Richards II* clearly relied on state procedural rules—namely, Mr. Richards's failure to timely and appropriately file his appellate brief—to dismiss his appeal with prejudice. As explained above, Mr. Richards's motion to file an oversized brief was granted by the Indiana Court of Appeals on February 14, 2013, and they ordered his brief and the corresponding appendix filed by March 1, 2013. Also on February 14, 2013, the Indiana Court of Appeals sent Mr. Richards a notice of defect, explaining that his previously filed brief failed to include a copy of the appealable order and the appendix was deficient. Mr. Richards's attempts to cure these defects fell short. He filed a motion for permission to file a late brief and cure the defects on March 18, 2013, which was already past the briefing deadline. The Indiana Court of Appeals denied his motion and dismissed his appeal with prejudice.

The foregoing demonstrates that the Indiana Court of Appeals "did not reach [Mr. Richards's] federal issue[s] because it applied, evenhandedly, a state procedural rule," which makes "the matter . . . closed to the federal habeas court absent a showing of cause and prejudice." *Willis*, 8 F.3d at 561; *see Gray*, 598 F.3d at 329. Mr. Richards resists this conclusion by arguing that the Indiana Court of Appeals erred in the way it handled his attempts to comply with its procedural rules, but this Court cannot review a state court's application of state procedural rules. *See Wilson v. Corcoran*, 562 U.S. 1, 5 (2010).

Mr. Richards also acknowledges that his briefs were non-compliant with the procedural rules as required by the Indiana Court of Appeals, but argues that the notices of noncompliance that he received were confusing and did not clearly direct him on how to comply, that he complied to the best of his ability, and that he should not face consequences of his procedural default due to his misunderstanding. Construed as an attempt to show cause for his procedural default, this attempt fails. Mr. Richards essentially argues that his difficulty understanding what was required

to comply with the Indiana Court of Appeals's orders was the cause for his default. But "illiteracy does not constitute cause for a procedural default," *Henderson v. Cohn*, 919 F.2d 1270, 1272 (7th Cir. 1990), nor do "circumstances such as youth and lack of education—which similarly impede communication," *Promotor v. Pollard*, 628 F.3d 878, 887 (7th Cir. 2010). This is at least in part because "[c]ause is defined as an objective factor, external to the defense, that impeded the defendant's efforts to raise the claim in an earlier proceeding." *Johnson v. Foster*, 786 F.3d 501, 505 (7th Cir. 2015). Mr. Richard's alleged misunderstanding of an order from the Indiana Court of Appeals is not such an external impediment to compliance with the order and procedural rules.

In sum, Mr. Richards's claims raised in *Richards II* are procedurally defaulted because the Indiana Court of Appeals dismissed that appeal "on a state law ground that [was] independent of the federal question and adequate to support the judgment,'" *Szabo*, 313 F.3d at 400, and Mr. Richards has not shown the cause necessary to overcome his procedural default. He is therefore not entitled to habeas relief on any of his ineffective assistance of trial or appellate counsel claims, or his claims related to the post-conviction judge's conduct and decisions.[1]

## B.   *Blakley* Claim

Unlike the foregoing claims, the parties agree that Mr. Richards's *Blakley* claim is not procedurally defaulted because he raised it on direct appeal. The Indiana Court of Appeals in *Richards I* addressed this claim as follows:

> Richards first asserts that the trial court violated his Sixth Amendment right to have aggravating factors determined by a jury, contrary to *Blakely v. Washington*, 542 U.S. 296 (2004). However, our Supreme Court has recently held that "belated appeals of sentences entered before *Blakely* [ ] are not subject to the holding of that case." *Gutermuth v. State*, No. 10S01–0608–CR–306, ⸻ N.E.2d ⸻, slip op. at 1 (Ind. June 20, 2007). That is, "*Blakely* is not retroactive for Post-Conviction Rule

---

[1] To the extent that Mr. Richards did not raise any these claims during post-conviction proceedings in state court, he did not raise them at all. Thus, these claims would still be procedurally defaulted because he failed to fairly present them to the state courts at all. *See Lewis*, 390 F.3d at 1025-26.

2 belated appeals." *Id.* at 7. Accordingly, Richards' claims under *Blakely* must fail. *Richards I*, 2007 WL 2012551, at *2. The basis for the Indiana Supreme Court's ruling in *Gutermuth* was that "a defendant's case becomes 'final' for purposes of retroactivity when the time for filing a timely direct appeal has expired." 868 N.E.2d 427, 434-35 (Ind. 2007).

In his habeas petition, Mr. Richards contends that the reasoning of *Gutermuth* is flawed and that the Indiana Court of Appeals's reliance on *Gutermuth* for its interpretation of Post-Conviction Rule 2 "should be reconsidered." [Filing No. 2 at 5; Filing No. 17 at 2.] The respondent argues that the Indiana Court of Appeals' decision is based on "Indiana's own interpretation of its post-conviction rules"—namely, that a Post-Conviction Rule 2 belated appeal is essentially treated like a collateral proceeding—and that this "'federal habeas court [cannot] reexamine state-court determinations on state-law questions.'" [Filing No. 18 at 8.]

Mr. Richards did not timely file his direct appeal in state court—indeed, it was filed several years after he was sentenced. The *Richards I* court, however, affirmed the trial court's decision to permit Mr. Richards to file a belated appeal pursuant to Post-Conviction Rule 2. *See Richards I*, 2007 WL 2012551, at *2 & n.1. Ultimately, the *Richards I* court rejected Mr. Richard's *Blakely* claim. In doing so, it relied on the Indiana Supreme Court's interpretation of Post-Conviction Rule 2 in *Gutermuth* to conclude that "*Blakely* is not retroactive for Post-Conviction Rule 2 belated appeals." *Richards I*, 2007 WL 2012551, at *2.

The respondent is correct that Mr. Richards's challenge to the *Richard I* court's adjudication of this claim is meritless. The *Richard I* court relied on state law—specifically, how Indiana law treats belated appeals brought pursuant to Post-Conviction Rule 2—in determining that Mr. Richard's *Blakely* claim was not viable. To the extent that Mr. Richards disagrees with the *Richard I* court's interpretation and application of Post-Conviction Rule 2, the United States

Supreme Court has "repeatedly held that 'federal habeas corpus relief does not lie for errors of state law.'"  *Wilson*, 562 U.S. at 5 (quoting *Estelle v. McGuire*, 502 U.S. 62, 67 (1991)).  This Court cannot, therefore, examine the question of whether or not Indiana law should treat belated appeals pursuant to Post-Conviction Rule 2 as challenges to "final" conviction.

To the extent that Mr. Richard is challenging the *Richard I* court's application of *Blakely*, this too is a non-starter.  Although *Blakely* claims are available in cases that were still pending when *Blakley* was decided, *see White v. Battaglia*, 454 F.3d 705, 706 (7th Cir. 2006), it does not apply retroactively in challenges to final convictions on collateral review, *see Simpson v. United States*, 721 F.3d 875, 876 (7th Cir. 2013); *Wilson v. United States*, 414 F.3d 829, 831 (7th Cir. 2005).  Thus, the *Richard I* court did not unreasonably apply clearly established federal law in deciding that Mr. Richard's *Blakely* claim was unavailable given that it does not apply retroactively in proceedings challenging final convictions, such as his belated appeal brought pursuant to Post-Conviction Rule 2.

For these reasons, Mr. Richards is not entitled to habeas relief on his *Blakely* claim.

## IV.
## Conclusion

This court has carefully reviewed the state record in light of Mr. Richards's claims and has given such consideration to those claims as the limited scope of its review in a habeas corpus proceeding permits.  Because Mr. Richards's claims are either procedurally defaulted or meritless, he is not entitled to habeas relief, and his petition is therefore **denied.**

Judgment consistent with this Entry shall now issue.

## V.
## Certificate of Appealability

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the *Rules Governing*

*§ 2254* proceedings, and 28 U.S.C. § 2253(c), the Court finds that Mr. Richards has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The court therefore **denies** a certificate of appealability.

      **IT IS SO ORDERED.**

Date: May 31, 2016

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Randall M. Richards
No. 871246
Wabash Valley Correctional Facility
Electronic Service Participant – Court Only

Electronically Registered Counsel